## CHARLESTON.

McVEY *et al v.* BUTCHER *et al.*

Submitted May 6, 1913. Decided May 20, 1913.

1. WILLS—*Recording Foreign Will—Setting Aside—Limitations.*

   A county court has no jurisdiction, by section 25, chapter 77, Code 1906, after five years from the date of its order admitting to record an exemplified copy of a will from another State, as therein prescribed, to set aside such order, upon the petition and motion of an interested party begun but not concluded

before the expiration of the five years. By failing to act within the five years the jurisdiction of the court lapses. The statute operates not only upon the parties proceeding, but upon the jurisdiction of the court to proceed thereafter. (p. 529).

2. Prohibition—*When Lies—Setting Aside Record of Will.*
　　Prohibition lies in such cases to prevent further action by a county court proceeding under the statute after the period of limitation has run. (p. 531).

(Robinson, Judge, absent.)

Petition of Tena McVey and George Woofter for writ of prohibition against Ephraim Butcher and others.

*Writ Awarded.*

*Henry Brannon* and *W. W. Brannon,* for petitioners.

*H. N. Ogden* and *W. S. Meredith,* for respondents.

Miller, Judge:

Petitioners seek to prohibit the County Court of Taylor County, and the commissioners thereof, and others, from further action in a proceeding begun December 16, 1912, and pending therein, on the petition and motion of defendants Butcher and others, to have set aside the order of said court, made December 20, 1907, admitting to probate an authenticated copy from the probate court of Monroe county, Ohio, where the testatrix resided, of the last will and testament of Louisa Ann Armstrong, known also as Louisa Butcher and Lou Smith, deceased.

The record shows that on the filing of said petition with notice attached, said county court, December 16, 1912, entered an order providing for publication to non-resident defendants, and fixing April 7, 1913, as the return day and the day for hearing on said petition and motion. Whereupon, on February 18, 1913, an application was made to this court for a writ of prohibition, and upon which the present rule to show cause against it was awarded.

The statute governing the subject, section 25, chapter 77, Code 1906, provides: "Where a will relative to estate within this State has been proved without the same, an authenticated copy and the certificate of probate thereof, may be offered for probate in this State. When such copy is so offered, the court to which, or the clerk to whom, it is offered, shall presume, in the

absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the State or country of the testator's domicile, and shall admit such copy to probate as a will of personalty in this State; and if it appear from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of land in this State by the law thereof, such copy may be admitted to probate as a will of real estate. But any person interested, may, within five years from the time such authenticated copy is admitted to record, upon reasonable notice to the parties interested, have the order admitting the same set aside, upon due and satisfactory proof that such authenticated copy was not a true copy of such will, or that the probate of such will has been set aside by the court by which it was admitted to probate, or that such probate was improperly made."

We decided in *Woofter* v. *Malz,* 76 S. E. 131, that the relief provided by this statute was exclusive; that equity had no jurisdiction, general or statutory, to set aside the probate of a foreign will admitted to probate here on an authenticated copy as provided by that section.

Jurisdiction of the county court to further proceed is challenged upon two grounds: First, that more than five years had elapsed after the date of the order of ancillary probate, and before the date appointed for hearing. Second, that if the first ground be not good, the writ should go to prohibit the court from considering grounds of revocation not specified in the statute.

Of course if the first ground be sustained, the second need not be specially considered, for if the court is now without jurisdiction to consider grounds specified, it is patent it has no power or authority to consider grounds not specified in the statute.

As already noted the order sought to have set aside was entered December 20, 1907. The present proceeding was begun December 16, 1912, within five years from the date admitting the will to record, but the court fixed April 7, 1913, a date beyond the five years, for the hearing, so that, according to the contention of the petitioners, the court thereby lost jurisdiction. The statute plainly says the party interested may within the five years prescribed have the order of probate set aside. It does not in terms say he may do so by proceeding within that

time. Respondents contend, however, that the statute is not a limitation upon the jurisdiction of the court, but upon the right of the interested party to proceed, and that if jurisdiction is acquired to proceed within the five years, the court has the right at any time thereafter to pronounce judgment. Which of these views of the statute is the correct one?

A correct answer to the question depends largely on the nature of the remedy prescribed. It is conceded that the remedy is purely statutory, and that without the statute it would not exist. It is a creature of the statute, and not the affirmance of a remedy existing independently of the statute. At common law no such right existed, and no rule of practice gives it. Besides public policy and justice call for the prompt administration of estates. Other provisions of the same chapter, our chapter on wills, relating to the probate and contest of domestic wills clearly evince this purpose. And that the language of section 25 was not carelessly or inadvisedly chosen, we think quite manifest from the language of section 29, relating to order or sentence of the court respecting domestic wills. That section gives right to an aggrieved party, within one year thereafter to "file his petition in the circuit court of such county,   *   *   * appealing to that court", in which latter court the proceeding shall be *de novo*, as if no proceeding had taken place in the county court. So much respecting the purpose and language of the statute. Besides these reasons involving the language of the statute, it is a familiar rule of construction that a purely statutory remedy of this character must be confined to the very case provided for, and extended to no other, and that it cannot be made available except by strict adherence to the letter of the statutory provisions, that nothing is to be taken as intended except what the very letter of the statute authorizes. 2 Lewis' Sutherland, Stat. Const., sections 564-566; Black on Int. of Laws, p. 305.

But what of the theory that the statute is a limitation on parties aggrieved, and not on the jurisdiction of the court? Undoubtedly the statute operates as a limitation on the parties; but if the thing permitted, the remedy given, may not be availed of except by the action of the court within the period prescribed, is not the jurisdiction of the court also limited and prescribed thereby? We think necessarily so. Unlike section 6, chapter

104, Code 1906, relating to limitations of actions generally, the statute here involved not only operates to limit the action, but to bound the jurisdiction of the court to pronounce judgment. It has been held by high authority, with respect to probate proceedings that the statute operates not merely upon the suit but likewise upon the power of the courts. 23 Am. & Eng. Ency. Law 139, citing *Luther* v. *Luther,* 122 Ill. 558, *Sinnet* v. *Bowman,* 151 Ill. 146. The sixth syllabus in the latter case reads: "The seventh section of the statute of wills, allowing the contest of wills by bill in equity at any time within three years after their probate, is not a statute of limitation, but is a mere grant of jurisdiction, to be exercised only in case it is invoked within the time prescribed, and that jurisdiction extends to an investigation of every ground upon which the validity of the will may be assailed." Page on Wills, at page 372, says: "The statute of limitations in contests differs from the ordinary statute, in that it is jurisdictional in its nature, and can not be waived by consent of the parties, since after the limit fixed by statute, the court has no jurisdiction of the subject-matter of the contest." Citing *Meyer* v. *Henderson,* 88 Md. 585. See, also, *Nichol's Estate,* 174 Pa. St. 405, cited by the same author in the preceding paragraph. The latter case is particularly applicable to the case at bar. The syllabus says: "A decree of probate of a will is conclusive as to personalty after three years, and as to real estate after five years; and the mere fact that there is an undisposed of caveat pending before the register of wills during the time does not affect the rule." The Maryland case is to the same effect.

Assuming that the court had jurisdiction for a time between the date of the order filing the petition, and the date of the expiration of the period of limitations, did not that jurisdiction lapse by its failure to act within that period and immediately upon the expiration of the time limit? We think the statute can receive no other construction. Analogous statutes are found in our code, and have received that construction. As for example, section 114, chapter 50, Code 1906, prescribing the time within which a justice may enter judgment, and set aside judgments already entered. *McClain* v. *Davis,* 37 W. Va. 330; *Brand* v. *Swindler,* 68 W. Va. 571; *Packet Co.* v. *Bellville,* 55 W. Va. 560. These decisions support the proposition that a

court acquiring jurisdiction by a proceeding begun within the period of limitation may lose that jurisdiction by failing to act within the time when prescribed by the statute. *Nichol's Estate,* and *Meyer* v. *Henderson, supra,* also support the proposition.

Upon these principles so firmly established we are of opinion that the county court is without authority to further proceed in the case before it, and that the writ of prohibition should go as prayed for. Writ awarded.

*Writ Awarded.*