# CHARLESTON.

## J. W. LUTHER v. W. J. McCLAREN.

Submitted September 14, 1920.   Decided October 5, 1920.

ELECTIONS—*No State Court Has Jurisdiction of a Contest Between Rival Candidates for Primary Nomination for State Senator.*

> Neither the circuit court nor this court upon appeal or writ of error is given jurisdiction by any statute relating to the subject, to hear and determine a contest between rival candidates for the nomination at a primary election for the office of state senator, nor has the legislature created any other court or tribunal where such a contest may be heard and determined.

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Mingo County.

Proceeding by J. W. Luther, begun by notice and petition, to contest the primary nomination of W. J. McClaren for the office of state senator.   Proceeding dismissed, and petitioner brings error.

*Affirmed.*

*Sanders & Crockett, S. D. Stokes* and *A. G. Fox,* for plaintiff in error.

*Anderson, Strother, Hughes & Curd,* and *B. Randolph Bias,* for defendant in error.

MILLER, JUDGE:

This is a proceeding begun by plaintiff, by notice and petition, in the circuit court of Mingo County, to contest the nomination of the defendant for the office of state senator, on the Republican

ticket, for the Sixth Senatorial District of West Virginia, at the primary election held pursuant to law, on May 25, 1920.

That defendant, on the face of the returns of said primary election, was nominated for said office by a majority of the votes cast and counted for him, is not controverted; and it is not sought by this proceeding to review, by original process of this court or otherwise, the action of the election commissioners or of the county court sitting as a board of canvassers. The basis of this controversy is that some of the ballots printed and distributed by the ballot commissioners to the voters of said Mingo County, by mistake of the printer, did not contain the name of petitioner as a candidate for said office along with that of the defendant, under the heading "For State Senator", and that he was thereby deprived of many votes which he might and naturally would have received, and, in legal effect, was defrauded out of such nomination, and that, as to petitioner at least, said ballots did not constitute the official ballots provided by the ballot commissioners, and that those ballots, numbering 1165, should not have been cast, received or counted for defendant, as provided by section 33, chapter 3 of the Code, made applicable to primary elections by section 24 of chapter 26 of the Acts of 1915.

The circuit court, upon the hearing upon the petition, answer and proofs taken, denied petitioner any relief and dismissed his petition, to which judgment we awarded the petitioner, at the present term, a writ of error, and the case is now before us upon the stipulation of counsel waiving maturity of the case for hearing in regular course under the rules governing in such cases.

At the threshold counsel for defendant challenge our jurisdiction, and our first duty is to stop and inquire into this question before approaching the case on its merits.

On this question counsel for contestee contend that an election contest is not a suit or case within the meaning of our constitution or statutes. They cite us to *Williamson* v. *Lane*, 52 Texas 334, holding that an election contest is not included in the term "suit or case"; also to *Upshur County* v. *Rich*, 135 U. S. 467, deciding that a proceeding by executive or administrative offi-

cers, such as boards of canvassers, is not a case or suit which under the constitution permits an appeal or writ of error to the supreme court. But our constitution, section 3 of article VIII, includes among the classes of cases of which we are given appellate jurisdiction, specifically "such other appellate jurisdiction, in both civil and criminal cases, as may be prescribed by law." Section 26a(24), chapter 3, Barnes' Code 1918, says: "All provisions of chapters three and five of the code of West Virginia, so far as the same are not in conflict with and not modified by this act, shall, so far as they are germane, apply to and are hereby made applicable to the primary elections." This provision is relied on as to the form and contents of the official ballot prescribed by section 26a(12) of the same chapter. They further rely on section 26a(22) of the same chapter, providing: "The action of the board of canvassers, or of any political committee, at any primary election, may be appealed from by any candidate thereat, to the circuit court of the county, and from such court to the supreme court of appeals. All such contests shall be governed by the provisions of the code of West Virginia, so far as the same are applicable, as found in chapter six thereof."

This is not an appeal from the action of the board of canvassers, or of any political committee. It is an original proceeding begun upon notice and petition in the circuit court, to contest the nomination of defendant upon grounds not presented to the board of canvassers nor passed upon by them. What court or tribunal is given jurisdiction of a contest between contesting candidates for the nomination for the office of state senator, and what provisions of chapter six of the Code, relating to contests generally, is applicable to contests for such nominations? We find no such jurisdiction vested in any court or other tribunal by any provision of the law relating to the subject of contests, or elsewhere. Referring to chapter 6, sections 1, 2, and 3 thereof provide for the contesting by one of the election of another to any *county* or *district* office by notice presented to the county court and by proceedings thereon as therein provided; and from the decision of the county court an appeal is given by section 3 to the circuit court. The right of appeal

seems to stop there, for no appeal from the judgment of the circuit court to this court is there provided. But whether an appeal lies therefrom under some other statute is not a question before us, for the nomination here involved is that of a state senator. And in the case of the election of senators or delegates to the legislature at a general or special election, sections 4 to 12 of said chapter provide for the notices and counter notices by contestees, the maturing of the cases, and the presentation of the petition to the proper branch of the legislature within the specified time after its meeting. In such cases each house is the sole judge of the election and qualifications of its own members. · Constitution, section 24, article vi. . In the case of state officers, the governor, secretary of state, auditor, treasurer, superintendent of free schools, attorney general, commissioner of agriculture, judge of the supreme court of appeals, or the judge of a circuit court, section 13 of said chapter 6 provides, the contest is to be begun by notice as herein prescribed; and when the election of governor is contested, the petition of the contestant and the depositions taken are, by section 14, to be referred to a joint committee of the two houses and the contest determined by the legislature, both houses sitting together for that purpose. In the case of a contest for other state office a special court constituted as prescribed by section 15 of said chapter shall determine the contest; and by this section either party feeling himself aggrieved by the final decision of such special court is given an appeal to the supreme court of appeals as therein provided. Such in brief are the provisions of law relating to contests of all county, district and state officers.

The question is now presented, which, if either, of these provisions relating to contests is applicable to contests for the nomination for the office of state senator? As already shown, the senate is the sole judge of the election and qualifications of its own members. In the case of *Baer* v. *Gore,* 79 W. Va. 50, we took jurisdiction by writ of error to review the judgment of the circuit court upon an appeal from the decision of the county court in a contest for the office of justice of the peace, a district office, but upon the ground that the case involved the constitutionality of a statute, of which this court is given jurisdiction by

section 4 of chapter 113, and by section 1 of chapter 135 of the Code. No such constitutional question is presented here, and if it was, what court or tribunal was clothed with original jurisdiction to decide it, so that it might be brought here for review? The law has provided none.

There is thus presented a *casus omissus* where no forum has been created before which a candidate for the nomination for the office of state senator may institute a contest. Questions like the one here might arise in each county of the district. Assuming jurisdiction of the circuit court to try and determine contests for such nominations, which of the circuit courts composing the district would have jurisdiction of the proceeding? If it be said that the circuit court of each county would have jurisdiction of the matters arising therein, to whom would the result in each county be certified, and what tribunal would finally determine the result of the contest? It might be argued perhaps that the court in each county could certify its decision to the secretary of state in lieu of the official returns of the board of canvassers, by whom the result of the primary election could be determined and certified to the board of ballot commissioners in each county. But nowhere is it so provided.

We assume that the circuit court dismissed the petition and denied petitioner relief for want of jurisdiction, which in our opinion was the right disposition of the case, and for the reasons given we are of opinion to affirm the judgment.

*Affirmed.*