R. W. Nelson *v.* T. Henry Nash

(No. 9517)

Submitted February 1, 1944. Decided February 29, 1944.

*E. L. Hogsett* and *B. C. Tynes,* for plaintiff in error.

*Marcum & Gibson* and *Geo. I. Neal,* for defendant in error.

Lovins, Judge:

This writ of error was granted to review an order of the Circuit Court of Cabell County, which dismissed an election contest on the ground that the County Court of Cabell County was without jurisdiction to proceed further therein.

R. W. Nelson was the nominee of the Republican party and T. Henry Nash was the nominee of the Democratic party for the office of Commissioner of the County Court of Cabell County, and they were voted for at the general

election on November 3, 1942. The canvass of the election disclosed that Nash received a majority of the votes cast. Nelson in due time demanded and was granted a recount, the result of which also disclosed that Nash had received a majority of the ballots cast.

On December 24, 1942, Nelson served a notice of contest of the election on Nash, stating therein that the notice would be presented to the County Court of Cabell County on December 26, 1942. On the last-mentioned date, Nelson and Nash appeared by counsel and after the notice was filed, they, by agreement, fixed January 11, 1943, as the date when the county court would commence the hearing of the contest. On January 8, 1943, Nash's attorney requested a continuance of the hearing and by an agreed order, entered on that date, the hearing of the contest was continued from January 11, 1943, to February 15, 1943. In the interim between January 11 and February 15, 1943, Nash's counsel retired from the case, and on the last-mentioned date he appeared by other counsel, who filed a motion to dismiss the proceeding on the grounds: (a) That the notice of contest was presented on December 26, 1942, rather than the first term of the court after service was had on Nash; and (b) that the county court, not having heard the contest within three months from the day of election, was then without jurisdiction to entertain, hear or determine the cause. Nash also demurred to the notice of contest. The county court overruled the motion to dismiss for lack of jurisdiction, but sustained the demurrer to the notice of contest without leave to amend and dismissed the proceeding.

On appeal to the Circuit Court of Cabell County, prosecuted by Nelson, that part of the order of the county court overruling the motion to dismiss was reversed and the contest dismissed on the ground that the county court had lost jurisdiction by failure to hear the contest resulting from the continuance thereof beyond three months from the date of election, to which last-mentioned judgment this writ of error and supersedeas was awarded.

The award of a writ of error and supersedeas in this Court instead of an appeal as designated by Code, 3-9-3, is not regarded as material. *Williamson* v. *Hays*, 25 W. Va. 609, 614; *Ballouz* v. *Hart*, 96 W. Va. 580, 123 S. E. 402.

The jurisdiction of county courts to hear contests as to county and district officers is conceded, being conferred by Article VIII, Section 24 of the Constitution of West Virginia, reading in part as follows: "* * * They [county courts] shall, in all cases of contest, judge of the election, qualification and returns of their own members, and of all county and district officers, subject to such regulations, by appeal or otherwise, as may be prescribed by law. * * *." It will be noted that the constitutional power so conferred is subject to regulations prescribed by law.

Nash contends that the presentation of notice to the county court on December 26, 1942, is a ground for dismissal. We do not agree. Nash was present at the time the notice of contest was presented. He made no objection to the filing thereof, and it is difficult to see where Nash or the electorate of Cabell County was prejudiced by failure of Nelson to wait until the next regular term of the County Court of Cabell County convened to present the notice of contest. If the presentation of the notice was premature, the hearing of the contest was not retarded thereby. The presentation of the notice to the court and filing thereof prior to the first regular term after service on Nash did not comply with the letter of the statute, but such action was within the spirit of the statutory regulation. Where a notice of contest is presented subsequent to the first term after service thereof, a different question is presented, as that would tend to hinder an expeditious hearing of the proceeding.

Nash relies on Code, 3-9-3, reading in part as follows, "* * * The hearing may be continued by the court from time to time, if it be shown that justice and right require it, but not beyond three months from the day of election. * * *", as being mandatory, and that the county court was deprived of jurisdiction of the contest by reason of failure

to hear the same within the time limited by the statute. Nelson contends that the above quoted statutory provision is procedural and directory.

Legislative intent is dominant in determining whether a statutory provision is mandatory or otherwise. No general and satisfactory rule for ascertaining such intent has been formulated. It has been said by an eminent jurist in discussing the subject that, "* * * you cannot safely go further than that in each case you must look to the subject-matter, consider the importance of the provision, and the relation of that provision to the general object intended to be secured by the act, and upon a review of the case in that aspect determine whether the enactment is what is called imperative or directory. * * *". Lewis' Sutherland Statutory Construction, Vol. 2, 2nd Ed., page 1116; Crawford's Statutory Construction, page 517.

The public policy of this State calls for diligent and timely action by officers, boards, tribunals and courts in ascertaining and declaring the final results of an election. Election boards may not adjourn until all the votes are counted, and a certificate of result made and signed. Code, 3-5-30. On the fifth day after election (Sundays excepted) the board of canvassers is required to convene to canvass the returns. Adjournments of such board may be made *"but no longer than is absolutely necessary"*. If a recount is desired, a demand therefor must be made before the result is officially declared. Code, 3-5-33; *Duty* v. *Thompson,* 79 W. Va. 415, 417, 91 S. E. 11; *Beacom* v. *Board of Canvassers,* 122 W. Va. 463, 10 S. E. 2d. 793. A contestant is required to give notice of contest to the contestee within ten days after the last and binding declaration of result. Code, 3-9-2; *Stafford* v. *County Court,* 58 W. Va. 88, 51 S. E. 2. Notice of contest must be presented to the county court at its first regular term after delivery of such notice to contestee, and shall be placed on the docket of that court for hearing. Code, 3-9-3; *Stafford* v. *County Court, supra.* And finally, the hearing

of an election contest "may be continued from time to time * * * but not beyond three months from the day of election." Code, 3-9-3.

Evaluation of the foregoing statutes enacted in furtherance of the public policy above mentioned brings the legislative intent into bold relief: that an election result should be determined and declared with dispatch. The hearing and determination of an election contest is the last proceeding by which the object of the legislature is attained, and the statutory provision here considered is an overall limitation of the entire process of making returns of election, canvassing thereof, recounting the ballots cast, and contesting the result.

The language of the statute is in itself an additional indicium of legislative intent. Authority to continue the hearing when required by justice and right is given, but that authority is limited by the prohibitory or negative part of the statute immediately following. Statutes of this kind are mandatory. "Where the words are affirmative, and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed to be directory; but negative words which go to the power or jurisdiction itself have never, that I am aware of, been brought within that category." *Bladen* v. *Philadelphia*, 60 Pa. 464. See *In re McQuiston's Adoption*, 238 Pa. 304, 86 A. 205; *State* v. *Thompson*, 21 N. D. 426, 131 N. W. 231; *Higgins* v. *Gray*, 54 S. D. 488, 223 N. W. 711; Lewis' Sutherland Statutory Construction, 2nd Ed., page 1115. The conclusion is unavoidable that the prohibitory part of the statute is mandatory and that no continuance of a hearing of an election contest may be made beyond three months from the day of election.

A statute similar in letter and spirit to the one here considered was construed by the Supreme Court of Indiana in the case of *English* v. *Dickey*, 128 Ind. 174, 27 N. E. 495, 13 L. R. A. 40, and although a distinction may

be drawn between that case and the case at bar in that a special tribunal was created by statute for a definite time, it was there reasoned that a continuance granted on request of the contestant to a time beyond the twenty-day limit prescribed by the statute, and resulting failure to hear the cause, deprived the tribunal of its jurisdiction.

An election contest is not to be treated as other litigation where private rights only are at issue. The electors entitled to vote for an aspirant to public office are entitled to have the result of an election speedily ascertained and. declared. Section 454, 4th Ed., McCrary on Elections. · Orderly administration of public affairs and the promotion of public welfare require that a person legally elected to an office be inducted therein as quickly as practicable. It is the public policy of this State, as hereinabove indicated, that delays·in the procedure necessary for such induction should be minimized and, if possible, eliminated. These considerations inhibit us from giving any effect to the agreement for a continuance between Nash and Nelson. Furthermore, the subject matter of the litigation was the right to an office, jurisdiction of which is conferred by the Constitution of this State and statutes enacted pursuant thereto. Jurisdiction of the subject matter cannot be made to rest on the consent of parties.

The language of the statute is too plain to be ignored. Considerations of the legislative intent, in carrying out the public policy of this State, the public interest in ascertaining and declaring the result of elections impels the conclusion that the Legislature has provided procedure in returning and ascertaining the results of elections, wherein time is of the essence and compliance with the time element of appropriate statutes in so doing is mandatory.

The expression of the learned Judge who wrote the opinion in *Stafford* v. *County Court, supra,* with reference to the statute herein discussed is *obiter,* and although we

regard the utterance with great respect, it being unnecessary for a decision of the *Stafford* case, its value as a precedent is not apparent.

At the inception of the proceeding, the County Court of Cabell County undoubtedly had jurisdiction, but it failed to exercise it. Nothing was done in this contest proceeding, except to serve a notice, docket it for hearing, and enter two agreed orders of continuance. In the meantime the three months had elapsed. Jurisdiction once existing may lapse by failure to exercise it within the time limited by statute. See *McVey* v. *Butcher*, 72 W. Va. 526, 78 S. E. 691; *Crowe* v. *Corporation of Charles Town*, 62 W. Va. 91, 57 S. E. 330; *Tsutras* v. *Farrar*, 109 W. Va. 509, 155 S. E. 655.

The question which would arise had the contest been in process of hearing when the three months elapsed is not here presented, and we therefore express no opinion thereon.

Having found that the County Court of Cabell County on February 15, 1943, lacked the jurisdiction to proceed further, it is unnecessary to discuss the ruling of that court on the demurrer to the notice of contest.

We hold that the failure of the county court to comply with Code, 3-9-3, relating to continuances of election contest proceedings resulted in that court losing jurisdiction of the contest proceeding, and that such lack of jurisdiction existing after the lapse of the three-months period could not be waived by contestant and contestee, nor can such jurisdiction be restored by their consent.

Accordingly the judgment of the Circuit Court of Cabell County is affirmed.

*Affirmed.*