STATE *ex rel.* OKEY L. HAGER

*v.*

HARVEY OAKLEY, *Judge of the Circuit Court of Logan County*

(No. 13005)

Submitted October 20, 1970.     Decided October 21, 1970.

Opinion filed November 10, 1970.

Dissenting Opinion November 30, 1970.

*William L. Jacobs,* for relator.

*Zane Grey Staker,* for respondent.

BERRY, JUDGE:

This is an original proceeding in prohibition instituted in this Court on October 13, 1970, in which the petitioner, Okey L. Hager, sought a writ to prohibit the respondent, Harvey Oakley, Judge of the Circuit Court of Logan County, West Virginia, from proceeding further in an election contest case in which an appeal had been granted by the respondent on September 20, 1970, without any final decision or order having been entered by the County Court of Logan County which had heard the election contest case. The petitioner moved to dismiss the appeal as improvidently awarded, which motion was overruled.

A rule was issued on October 13, 1970, returnable October 20, 1970, at which time the case was submitted for decision upon arguments and briefs of the respective parties.

On October 20, 1970, an order was entered by the Court granting the writ as prayed for and this opinion is now prepared giving the reasons for the Court's decision.

The petitioner was declared the duly nominated candidate of the Democratic party for a six year term for the office of

Commissioner of the County Court of Logan County, West Virginia, by an official declaration of the results of said election promulgated by the County Court of Logan County on June 17, 1970, at the conclusion of a recount of the votes cast for said office. The other candidate for said office, Neal W. Scaggs, who had not prevailed at the conclusion of the recount, served the petitioner with a timely notice of contest, and the petitioner served a timely counter-notice of contest upon Scaggs. The County Court of Logan County promptly started the election contest and heard evidence pertaining to the contest for approximately six weeks and concluded the hearing on August 25, 1970, at which time the County Court of Logan County announced that it would decide the election contest case as soon as it had received and studied the transcript of the evidence.

The complete transcript of evidence taken during the hearing of the election contest case was not received by the County Court until September 15, 1970, at which time it went into executive session to study the transcript of evidence and continued to do so until midnight September 17, 1970, at which time it announced that it had not completed its study of the transcript and no decision or final order was made or entered by the County Court of Logan County regarding the election contest case.

On September 20, 1970, Neal W. Scaggs, the contestant in the election contest case, appeared before the Circuit Court of Logan County and applied for and obtained an "appeal" on the theory that the County Court of Logan County, by virtue of having failed to decide the election contest case had in effect affirmed the County Court's declaration of election at the conclusion of the recount.

The petitioner in this proceeding, Okey L. Hager, who is the contestee in the election contest, was a member and President of the County Court of Logan County at the time the election contest case was heard, and along with Leroy Counts, another member of said Court, presided during the election contest, the third member of the County Court, Junior Lambert, being absent by reason of illness.

The sole issue in this proceeding is whether the Circuit Court of Logan County has jurisdiction to allow an appeal from the County Court of Logan County in an election contest case where no decision has been made and no final order entered in connection with the election contest case.

It is conceded by the parties that the County Court lost jurisdiction of the election contest proceeding at midnight on September 17, 1970, inasmuch as three months had passed since the last declaration of the results of the election between Scaggs and Hager which was officially made on June 17, 1970. This was by virtue of the provisions of Code, 3-7-7, as amended, wherein it is provided that the hearing in any election contest case may be continued from time to time, but not beyond three months from the date of the declaration of the result of the election. It is the duty of the County Court in such election contest cases to declare the true results of such election and to have said results entered on the records of the Court within the three months period. Code, 3-7-7, as amended. It is further provided in Code, 3-7-7, as amended that: "Either the contestant or contestee shall have the right of appeal to the circuit court of the county from the final order or decision of the county court in such proceeding, * * *."

Contested election cases are heard by the County Court for all county and district officers including the members of the county court. Code, 3-7-6, as amended. The circuit court can not hear an election contest case in the first instance. *Luther v. McClaren*, 87 W.Va. 133, 104 S.E. 294. Election contest cases are governed entirely by the statutes. There is no common law with regard to such contests. *Meisel v. O'Brien*, 142 W.Va. 74, 93 S.E.2d 481. Not only does the statute specifically require a final order with regard to the decision in an election contest case to be entered of record declaring the true result of such election, Code, 3-7-7, as amended, but the decided cases clearly hold that an appellate decision cannot be made on a nonexistent adjudication. *Chrislip et al. v. Teter et al.*, 43 W.Va. 356, 27 S.E. 288; *Coltrane v. Gill et al.*, 99 W.Va. 447, 129 S.E. 469.

An opinion or conclusion of the court does not make the case appealable. A judgment of the court must be actually entered. 1B, M.J., *Appeal and Error,* § 62; *Coltrane v. Gill et al., supra.* If a court fails to take action and enter a final order deciding a case no appeal can be taken in such case, because there must be a decision entered of record in the court below before an appellate court has jurisdiction on appeal. *Chrislip et al. v. Teter et al., supra; Coltrane v. Gill et al., supra.*

The law governing contested election cases is now clear and is not questioned here that upon the expiration of the three months period from the declaration of the final result of an election a county court is without jurisdiction to proceed to determine an election contest which had been before it. *Stafford v. Mingo County Court,* 58 W.Va. 88, 51 S.E. 2; *State ex rel. Smoleski v. The County Court of Hancock County,* 153 W.Va. 21, 166 S.E.2d 777. If a final judgment is rendered by the county court deciding an election contest case after the three months period referred to herein, it is void because such Court has no jurisdiction to decide such case after the three months period has elapsed. See *Nelson v. Nash,* 126 W.Va. 568, 29 S.E.2d 253; *Qualls v. Bailey,* 152 W.Va. 385, 164 S.E.2d 421.

Even if the parties agree to the entry of an order deciding an election contest case after the three months period has elapsed, it is void and of no effect, because jurisdiction can not be conferred upon the county court by agreement of the parties. *Nelson v. Nash, supra.*

It is true that it is the clear duty of the county court to decide an election contest case at the conclusion of the hearing and before the expiration of three months. Code, 3-7-7, as amended. If this duty is not performed the county court can be compelled to act in deciding an election contest case before it loses jurisdiction but not as to how to decide such case. See *State ex rel. Smoleski v. The County Court of Hancock County, supra; State ex rel. Cackowska v. Knapp, Judge,* 147 W.Va. 699, 130 S.E.2d 204.

Inasmuch as the election contest involved in the case at bar was not finally determined with regard to a candidate for nomination to the County Court of Logan County within the time prescribed after the primary election and before the general election, such contest should stand dismissed and Okey L. Hager, shown by the face of the returns of the primary election to be nominated for the office of Commissioner of the County Court of Logan County was entitled to have his name placed upon the regular ballot for the general election to be held November 3, 1970. Code, 3-5-20, as amended.

For the reasons stated herein, the writ was granted.

*Writ granted.*

CALHOUN, JUDGE, dissenting:

I respectfully dissent.

The Court's decision that the Circuit Court of Logan County was without jurisdiction to entertain the appeal of the election contest from the County Court of Logan County, solely because the record discloses no formal written order reflecting a determination by the county court of the result thereof, is in my judgment clearly erroneous. The Court failed to perceive, or, perceiving, chose to ignore, the controlling fact that a decision of the election contest was squarely made by the county court by resort to the simple device of allowing the statutory period in which it was vested with jurisdiction of the election contest to expire without entering such order, thereby affirming the certificate of result of election in favor of contestee as issued following the recount. The county court's decision being thus plainly identified as a full and final disposition of the election contest upon its merits, appeal therefrom was clearly allowable to the Circuit Court of Logan County under Code, 1931, 3-7-7, as amended. The Court's holding has not only wrought a gross injustice, but also has the deplorable result of placing the county courts of this state in the position of being able to render unreviewable decisions in primary election contests by the simple device of allowing their jurisdiction over such proceedings to lapse without entering final orders therein.

The record discloses that this primary election contest was initiated by the timely filing of a notice of contest by Neal W. Scaggs directed to the certificate of result of election in favor of County Court President Okey L. Hager, as issued following the recount on June 17, 1970; that upon the filing of Hager's counter notice, the hearing of the contest began on July 13, 1970, and final trial thereof was completed on August 25, 1970; that the County Court of Logan County, as constituted to hear the contest, consisted of contestee Hager, sitting as County Court President, and court member Leroy Counts, the third member of that body, one Junior Lambert, being absent by reason of illness; and that all evidence desired to be taken or proceedings had by the parties to the election contest were fully and finally completed on August 25, 1970, and nothing thereafter remained to be done except entry by the county court of an order declarative of its decision of the election contest upon the merits.

Under applicable provisions of Code, 1931, 3-7-7, as amended, it was the mandatory duty of the county court to "* * * declare the true result of such election, and cause the same to be entered on the records of the court." The three-month period in which the county court was vested with jurisdiction of the election contest commenced on June 17, 1970, with the issuance of the certificate of result of election in favor of Okey L. Hager, and expired on September 17, 1970. Accordingly, at the time the final trial of the election contest was completed on August 25, 1970, the county court had twenty-three days remaining in which to enter its formal order declarative of the result of the election contest before loss of its jurisdiction. The county court was specifically empowered, and indeed mandatorily directed, by Code, 1931, 3-7-7, as amended, to enter such order no later than September 17, 1970. This the county court failed and refused to do and, by that devious device of omission, made its decision affirming the certificate of result issued by the county court following recount on June 17, 1970, in favor of County Court President Hager.

Code, 1931, 3-7-7, as amended, provides that either party to an election contest shall have the right to appeal from the

final order of the county court therein, or, in the alternative, from its *decision*. There is no provision whatsoever therein requiring that such decision be in writing, or indeed that it must take any particular form. All that would appear to be necessary is that the decision be an identifiable one from the standpoint of the rights of the parties affected thereby, and that it have the necessary element of finality. That the county court here made a final decision in the election contest in favor of the County Court President Hager, as contestee, and adverse to contestant Neal W. Scaggs is clear. Accordingly, it follows that contestant Scaggs was entirely within his rights in prosecuting his appeal from that decision to the Circuit Court of Logan County, and that the circuit court was, under the pertinent statute, specifically vested with jurisdiction to entertain the appeal and to decide the contest upon the merits.

In construing the appeal provisions of Code, 1931, 3-7-7, as amended, as preventing review of the county court's decision, simply because no formal order was entered, the Court has predicated its decision upon a mere technicality which is wholly destructive of the substantial rights of appeal clearly intended by the legislature to be vested in parties to election contests and has made the basis for exercise of such appeal rights rest upon matters of mere form. In so doing, the Court has ignored its guideline as specifically laid down in aid of construction of Code, 1931, 3-7-7, as amended, in *State ex rel. Palumbo v. The County Court of Kanawha County*, 151 W.Va. 61, 150 S.E.2d 887, a case decided no longer ago than 1966. The sixth point of the syllabus of that case is as follows: "The polar star for the guidance in the construction of statutes dealing with election contests is that they should be liberally construed, in order that the will of the people in the matter of choosing their public officers may not be defeated by merely technical objections."

The Court in this case has ignored the "polar star" and the light it might have shed on its labors in reaching a just and fair decision, consistent with the plain intent of Code, 1931, 3-7-7, as amended. The Court's application of the appeal provisions of that statute is not only marked by total lack of

liberality, but evidences also a studied undertaking to remove from the language of that statute any meaning worthily attributable to the word "decision," as contrasted to the word "order," which would effectuate the remedial intent of the statute in the context presented.

The Court in its opinion cites *State ex rel. Smoleski v. The County Court of Hancock County*, 153 W.Va. 21, 166 S.E.2d 777; *Qualls v. Bailey*, 152 W.Va. 385, 164 S.E.2d 421; *Nelson v. Nash*, 126 W.Va. 568, 29 S.E.2d 253, and *Stafford v. County Court*, 58 W.Va. 88, 51 S.E. 2, as ostensible authority for its decision. None of these cases tests the issue here presented. The holdings in these cases are confined, without exception, to situations where the Court was required to construe the language of Code, 1931, 3-7-7, as amended, concerned with the beginning date of the three-month period in which a county court is vested with jurisdiction to hear an election contest.

The majority opinion also leans upon *Chrislip v. Teter*, 43 W.Va. 356, 27 S.E. 288, and *Coltrane v. Gill*, 99 W.Va. 447, 129 S.E. 469, in a further attempt to justify its decision. These cases involved remand of equity proceedings on appeal to this Court from circuit courts. In *Chrislip*, the final decree failed to dispose of matters in issue upon an answer and cross-bill. In the *Coltrane* case, the final decree failed to dispose of all matters involved in a partnership dissolution. They have no bearing whatsoever upon the question presented herein, in principle or otherwise, because the decision of the county court is readily identifiable upon the record as being in all respects complete and final.

Had contestant Scaggs been in any degree responsible, by any act or omission, for the failure of the County Court of Logan County to enter the formal order required of it by Code, 1931, 3-7-7, as amended, then his right of appeal might be subject to question. The record speaks eloquently for the fact that contestant Scaggs had no control over the course that the election proceeding took before the county court. He had no capability of exercising any control over the actions of County Court President Hager and court member Leroy Counts, in their failure to perform the county court's statutory

duty to make a declaration of the final result of the election contest before losing jurisdiction to do so. The majority opinion takes no note of contestant Scaggs' helplessness in this connection, and yet it would seemingly hold him responsible for failing to prevent the destruction of his appeal rights by his opponent in the election contest, acting in concert with a fellow member of the county court. In this connection, the Court asserts the availability to Skaggs of an avenue of relief in the form of mandamus to coerce the entry of such order, citing the *Smoleski* case. The *Smoleski* case is not applicable in this instance. It did not involve a situation where a county court had completed the hearing of a contest proceeding and thereafter lost jurisdiction without making the required entry of a declaration of the final result. The *Smoleski* case presented a situation where a county court had simply refused to hear the contest at all.

Mandamus was never available to contestant Scaggs to coerce timely entry of the formal order which the Court holds to be *a sine qua non* for exercise of his statutory appeal rights. Code, 1931, 3-7-7, as amended, authorized the County Court of Logan County to proceed at any time during the twenty-three-day period, following completion of final trial and before loss of jurisdiction, to discharge the duty incumbent upon it to enter the final order declaring the result. It would have been a complete defense to contestant Scaggs' prayer for a writ of mandamus for the county court to have pleaded its intention to enter a final order at any time within the twenty-three-day period during which it was empowered to do so. Contestant Scaggs, in the face of that defensive plea, would not in any event have been able to demonstrate to the satisfaction of this or any other court a contrary intent upon the county court's part. I can only conclude that, in asserting that entry of the final order in the election contest could have been coerced by mandamus, the Court has failed to reckon with the fact that the primary ingredient required to be present before mandamus would lie to coerce entry of the order was *a refusal* upon the part of the county court to enter that order in defiance of its nondiscretionary duty so to do. In the absence of evidence to the contrary, it must at all times be

presumed that public officials or bodies will perform official duties, and act in good faith and from proper motives. See *State v. Professional Realty Co.*, 144 W.Va. 652, 110 S.E.2d 616; *State ex rel. Powers v. Boles*, 149 W.Va. 6, 10, 138 S.E.2d 159, 162; *State ex rel. Staley v. The County Court of Wayne County*, 137 W.Va. 431, pt. 2 syl., 73 S.E.2d 827. Obviously, therefore, contestant Scaggs would have had no basis for relief by mandamus prior to the hour of midnight of the date of September 17, 1970, which marked the end of the three-month period in which the county court was vested with jurisdiction.

The sole excuse which the record discloses the county court advanced for its failure to enter an order in the contest proceeding before loss of jurisdiction was its inability to complete its study of a transcript of the evidence. That excuse is obviously lacking in either good faith or actual substance. Contestee Hager and his fellow court member, Counts, personally conducted the hearing of the election contest from start to finish. They were in control of all proceedings had therein, and were, therefore, in all respects as well positioned as any trier of fact ever is to make final declaration of the result of the election contest promptly upon completion of final trial, as Code, 1931, 3-7-7, as amended, specifically required them to do.

Quite apart from any matter involved in the substance of my dissent, I feel constrained to voice my displeasure at the conduct of the two members of the County Court of Logan County in failing to discharge their clear duty to enter the order in the contest, such failure clearly having as its purpose a decision of the merits thereof in favor of a member of that body as a party thereto. Such conduct should not receive condonation in any quarter. The people of Logan County have every right to expect something more from their elected public officials.

For reasons stated, I would have denied the writ.