# CHARLESTON.

BROWN *v.* BOARD OF ELECTION CANVASSERS OF RANDOLPH COUNTY.

Submitted December 14, 1898—Decided Febuary 4, 1899.

PROHIBITION —*Board of Canvassers—County Seat Election.*

> When a board of election canvassers assume jurisdiction, which it has not, to canvass and declare the result of a vote upon the relocation of a county seat, prohibition will lie to restrain it, though, in its proper action, its functions are ministerial, and not subject to prohibition. (p. 827.)

Application of T. P. R. Brown for a writ of prohibition against the board of election canvassers of Randolph County.

*Writ Granted.*

D. C. WESTENHAVER, E. A. CUNNINGHAM and L. D. & J. F. STRADER, for petitioner.

C. WOOD DAILEY and JOHN H. HOLT, for respondents.

BRANNON, JUDGE:

T. P. R. Brown obtained from this Court a rule against certain persons, who constitute the board of election canvassers of Randolph County, to show cause why a writ of prohibition should not be awarded him to prohibit that board from exercising jurisdiction to canvass the returns and declare the result of a vote upon the question of the relocation of the county seat. We think that the board, though a mere ministerial body, is yet one organized and performing public functions under law, and such a tribunal as may be kept within the legal bounds of its jurisdiction by

prohibition. This seems to be conceded. *Fleming* v. *Commissioners*, 31 W. Va. 608, (8 S. E. 267); *Alderson* v. *Commissioners*, 31 W. Va. 637, (8 S. E. 274); *Brazie* v. *Commissioners*, 25 W. Va. 213. We award the prohibition for the reason that the canvassers have no jurisdiction to act in the matter of this vote. It belongs to the county court. Reasons for this conclusion are given in *Brown* v. *County Court*, 45 W. Va. 727 (32 S. E. 165), this day decided.

*Writ Granted.*