73 S.E.2d 827 (1952)
STATE ex rel. STALEY
v.
WAYNE COUNTY COURT et al.
No. 10505.
Supreme Court of Appeals of West Virginia.
Submitted September 4, 1952.
Decided September 13, 1952.
Opinion Filed January 14, 1953.
*828 William B. Hogg, Williamson, for relator.
*829 Okey P. Keadle, Thomas W. Harvey, Huntington, for respondents.
HAYMOND, President.
This is an original proceeding in prohibition instituted in this Court on August 7, 1952, by the petitioner G. Walter Staley against the defendants, the County Court of Wayne County, West Virginia, a corporation, S. P. Fry, Oscar Watts, and W. Frank Harrison, commissioners and members of the County Court of Wayne County, and as such members of the board of canvassers of that county, and Clifford Hatten. The petition seeks a writ from this Court to prohibit the county court and its members from entertaining jurisdiction of an election contest instituted in that court on July 12, 1952, by Clifford Hatten, as contestant, against the petitioner, G. Walter Staley and Taylor Frazier, as contestees.
Upon the filing of the petition a rule was awarded returnable before this Court on September 3, 1952. On that day, answers having been filed by the defendants, the County Court of Wayne County, S. P. Fry, Oscar Watts, and W. Frank Harrison, commissioners and members of that court and as such members of the board of canvassers of Wayne County, and the defendant, Clifford Hatten, this proceeding was heard and submitted for decision upon the foregoing pleadings and evidence submitted by the petitioner in the form of authenticated copies of orders of the county court dated July 1, 1952, and August 4, 1952, a copy of the motion filed by G. Walter Staley, contestee, in the county court on August 4, 1952, to dismiss the election contest, and a duplicate original of the notice of contest of the contestant, Clifford Hatten, dated July 12, 1952, filed and docketed by that court on August 4, 1952, and upon the written briefs and the oral arguments in behalf of the respective parties. On September 6, 1952, by order entered on that day, this Court awarded a writ, as prayed for by the petitioner, which prohibited the defendants, the County Court of Wayne County, and S. P. Fry, Oscar Watts and W. Frank Harrison, commissioners, and each of them, from entertaining, hearing and determining the election contest then pending in that court, and from taking any further action in such election contest other than to dismiss it at the cost of the contestant Clifford Hatten. This opinion is now filed for the purpose of stating the reasons for the issuance of the writ.
The petition alleges in substance that at the primary election held in Wayne County on Tuesday, May 13, 1952, the petitioner, G. Walter Staley, the defendant Clifford Hatten, and Taylor Frazier were candidates for the Democratic nomination for sheriff of that county; that upon a canvass of the returns of the primary election it was ascertained that the petitioner Staley received the highest number of votes for such nomination and became the Democratic nominee for that office; that a recount was demanded; that the recount, during which representatives of the petitioner and the defendant Clifford Hatten respectively were present, disclosed when completed that the petitioner Staley received 3573 votes, Hatten 3536 votes, and Frazier 1471 votes; that upon the completion of the recount on July 1, 1952, the defendant, the County Court of Wayne County sitting as the board of canvassers, officially declared the final results of the primary election, including the final result of the Democratic nomination for sheriff, declared the petitioner Staley to be the Democratic nominee for that office, directed the clerk of the county court to issue appropriate "certificates of nomination" to the several candidates entitled to such certificates, and finally adjourned; that on July 12, 1952, the petitioner Staley was served with a notice, given by the defendant Clifford Hatten that he would contest the nomination of the petitioner Staley; that the notice of such election contest was not given to the petitioner Staley within ten days after the result of the primary election was declared as required by Section 2, Article 9, Chapter 3, Code, 1931; that on August 4, 1952, at a regular session of the County Court of Wayne County, the defendant Clifford Hatten caused such notice of election contest to be filed and docketed; that the petitioner Staley moved the court to quash the notice and to dismiss the election contest on the ground that the county court was without *830 jurisdiction to entertain such contest; and that the county court, by a two to one vote of its members, overruled the motion of the petitioner and set the matter for hearing on August 11, 1952. The prayer of the petition is that the defendants the County Court of Wayne County and its members be prohibited from entertaining jurisdiction of the foregoing election contest.
The answer of the defendants, the County Court of Wayne County, S. P. Fry, Oscar Watts, and W. Frank Harrison, commissioners and members of the county court and as such members of the board of canvassers, admits that the recount of the votes cast in the primary election for the nomination for sheriff was completed on July 1, 1952, and that on that day the members of the county court and of the board of canvassers of Wayne County announced the results as set forth in the order of July 1, 1952, a copy of which was filed by the petitioner, but states that they "are not advised as to the actual date when said order was entered upon the records of this Court", and alleges that "certificates of nomination", dated July 3, 1952, were prepared in the office of the clerk of the county court, were signed by the members of the canvassing board on that day, and were subsequently delivered to the candidates entitled to receive them. The answer also admits the allegations of the petition relating to the action taken by the defendant Clifford Hatten and by the petitioner Staley before the county court on August 4, 1952, and states that the motion of the petitioner to quash the notice and to dismiss the election contest was overruled by a majority of the members of the county court and that the hearing of the contest was set for August 11, 1952. It also alleges that the members of the county court have no interest in the subject matter of the contest, except as members of that court; that they are impartial as to the petitioner Staley and the defendant Clifford Hatten; that they are advised that the certificate dated July 3, 1952, issued to the petitioner Staley, constituted their official action; and that the notice of contest was filed within the time permitted by law.
The answer of the defendant Clifford Hatten denies the allegations of the petition that the final results of the primary election were officially declared on July 1, 1952, and that the petitioner was declared to be the Democratic nominee for sheriff on that day, and alleges that the copy of the order dated July 1, 1952, filed by the petitioner, was not made, signed, or entered before August 4, 1952. It further alleges that no declaration or certificate of the result of the primary election as to the Democratic nomination for sheriff was made by the county court sitting as a board of canvassers until July 3, 1952; that on that day the members of the county court, as such board, executed certificates in writing declaring the results of such primary election; and that the notice of the primary election contest was served on the petitioner Staley within ten days after the final result of the primary election was declared.
The certified copy of the order dated July 1, 1952, filed by the petitioner, recites that at a regular session of the County Court of Wayne County, sitting as a board of canvassers, held at the courthouse on Tuesday, July 1, 1952, S. P. Fry, president, and Oscar Watts and W. Frank Harrison, commissioners, were present; that the court continued to recount the Democratic votes cast in the primary election held May 13, 1952, and recounted the votes cast at Precinct No. 37 of the county; that the court, having ascertained the results of the recount of the votes cast on May 13, 1952, at all the precincts in Wayne County, found the results for the office of sheriff to be that G. Walter Staley received 3573 votes, that Clifford Hatten received 3536 votes, and that Taylor Frazier received 1471 votes. The certified copy of the order also recites that "The Clerk of the Court is hereby directed to issue Certificates of Nominations of all candidates for the various offices as shown by the completed canvass of the returns and the recount thereof as this day completed."; and that it was: "Ordered that this Court sitting as a Board of Canvassers of the Primary Election held in this County on May 13, 1952, having completed their labors do hereby adjourn sine die".
*831 Notwithstanding the allegations in the answers of the defendants to the effect that the declaration of the results of the primary election was not made on July 1, 1952, none of the defendants offered any proof to support such allegations or to contradict the foregoing statements in the certified copy of the order of July 1, 1952, of the county court sitting as the board of canvassers of Wayne County. "As a general rule, the decisions or orders of an administrative body are, in the absence of evidence to the contrary, presumptively correct and valid". 73 C.J.S., Public Administrative Bodies and Procedure, § 145. Under Section 20, Article 4, Chapter 3, Code, 1931, it was the duty of the county court sitting as a board of canvassers to ascertain the result of the primary election before it finally adjourned as, according to the recital in the copy of the order, it did on July 1, 1952. It is well settled that in the absence of evidence to the contrary public officers will be presumed to have properly performed their duties and not to have acted illegally, but regularly and in a lawful manner. 42 Am.Jur., Public Administrative Law, Section 240; State ex rel. Bumgardner v. Mills, 132 W.Va. 580, 53 S.E.2d 416. The rule just stated applies in this instance, and under the rule it will be presumed, in the absence of evidence to the contrary, that the county court sitting as a board of canvassers actually did ascertain and declare the results of the primary election before it finally adjourned on July 1, 1952.
In Beacom v. Board of Canvassers of Cabell County, 122 W.Va. 463, 10 S.E.2d 793, 794, in which it was held that an order of the board of canvassers declaring the result of a primary election according to tabulations presented by the clerk and directing him to issue "certificates of nomination" to each candidate, not involved in a recount, shown by the tabulations to have the highest number of votes, but which order was not entered of record until after demand for a recount was made by a candidate, constituted a declaration of the result of the election and that the demand for a recount after the making of such order but before its entry was not timely, this Court said: "The declaration of the result of an election is the finding of the board, whether termed a quasi-judicial finding or not. In all courts, criminal as well as civil, a finding, and its entry, are recognized as entirely different acts. The finding is the act of the court alone, is judicial, and necessarily precedes the entry; the entry is the act of the clerk alone, is ministerial, and necessarily succeeds the finding. The finding is complete when rendered; the entry is merely evidence of that rendition. Ency.Pl. and Pr. 430; 34 C.J. 52-3." In the absence of any evidence to the contrary, the recitals in the certified copy of the order of July 1, 1952, sufficiently establish, as matter of fact, that the results of the primary election were ascertained and declared on July 1, 1952.
Section 2, Article 9, Chapter 3, Code, 1931, relating to an election contest for any county or district office provides in part: "A person intending to contest the election of another to any county or district office * * * shall, within ten days after the result of the election is declared, give the contestee notice in writing of such intention, and a list of the votes he will dispute, with the objections to each, and of the votes rejected for which he will contend. * * *" As the result of the primary election with respect to the Democratic nomination for sheriff of Wayne County was declared on July 1, 1952, the notice of contest of the defendant Hatten, not having been served upon the petitioner Staley until July 12, 1952, was not given by the contestant within ten days after the result of the election was declared as expressly required by the quoted provision of the statute. An election contest is purely a constitutional or statutory proceeding, State ex rel. Daugherty v. County Court of Lincoln County, 127 W.Va. 35, 31 S.E.2d 321; and is regulated wholly by constitutional or statutory provisions. 29 C.J.S., Elections, §§ 247, 256. The general rule is that the requirements of the statute relating to the giving of the notice in an election contest must be strictly complied with and satisfied. 29 C.J.S., Elections, § 256. A statutory provision requiring the commencement of an election contest within a *832 designated time is usually regarded as mandatory and must be complied with in order to confer jurisdiction of the proceeding. 18 Am.Jur., Elections, Section 290.
In Nelson v. Nash, 126 W.Va. 568, 29 S.E.2d 253, 255, involving an election contest, this Court considered the provision of Section 3, Article 9, Chapter 3, Code, 1931, that the hearing of such contest may be continued from time to time, but not beyond three months from the day of the election, and held that provision of the statute to be mandatory and that failure to comply with it deprived the county court of jurisdiction of the proceeding. In discussing various statutory provisions designed to require prompt and expeditious disposition of matters affecting the result of elections this Court used this language:
"The public policy of this State calls for diligent and timely action by officers, boards, tribunals and courts in ascertaining and declaring the final results of an election. Election boards may not adjourn until all the votes are counted, and a certificate of result made and signed. Code, 3-5-30. On the fifth day after election (Sundays excepted) the board of canvassers is required to convene to canvass the returns. Adjournments of such board may be made `but no longer than is absolutely necessary'. If a recount is desired, a demand therefor must be made before the result is officially declared. Code, 3-5-33; Duty v. Thompson, 79 W.Va. 415, 417, 91 S.E. 11; Beacom v. Board of Canvassers, 122 W.Va. 463, 10 S.E.2d 793. A contestant is required to give notice of contest to the contestee within ten days after the last and binding declaration of result. Code, 3-9-2; Stafford v. [Mingo] County Court, 58 W.Va. 88, 51 S.E. 2. Notice of contest must be presented to the county court at its first regular term after delivery of such notice to contestee, and shall be placed on the docket of that court for hearing. Code, 3-9-3; Stafford v. [Mingo] County Court, supra. And finally, the hearing of an election contest `may be continued from time to time * * * but not beyond three months from the day of election.' Code, 3-9-3.
"Evaluation of the foregoing statutes enacted in furtherance of the public policy above mentioned brings the legislative intent into bold relief: that an election result should be determined and declared with dispatch. The hearing and determination of an election contest is the last proceeding by which the object of the legislature is attained, and the statutory provision here considered is an overall limitation of the entire process of making returns of election, canvassing thereof, recounting the ballots cast, and contesting the result."
In the recent case of State ex rel. Thompson v. Fry, W.Va., 71 S.E.2d 449, 457, in which certain provisions of statutes imposing duties upon election officers were held to be mandatory the opinion contains these statements: "These particular statutory provisions which impose the specific duties just stated are mandatory in character. `Generally "shall," when used in Constitutions and statutes, leaves no way open for the substitution of discretion.' Baer v. Gore, 79 W.Va. 50, 90 S.E. 530, 531, L.R.A.1917B, 723. In State ex rel. Boone County Coal Corporation v. Davis, 133 W.Va. 540, 56 S.E.2d 907, 913, this Court said: `The rule that the word "shall" should be construed as mandatory has appropriate application when the provision of the statute relates to the essence of the thing to be done, or to matters of substance.' The intention of the Legislature must govern, and if that intention is to make compliance with a statute essential to the validity of the act directed to be done, the statute is mandatory. State v. Simmons, W.Va., 64 S.E.2d 503; Mears v. Dexter, 86 Va. 828, 11 S.E. 538; 59 C.J., pp. 1072 to 1075."
In view of the foregoing authorities the provision of Section 2, Article 9, Chapter 3, Code, 1931, that the contestant in an election contest involving a county or district office shall give notice to the contestee within ten days after the result of the election is declared is mandatory and must be strictly complied with; and unless such notice is given within that time a county court is without jurisdiction to entertain, hear, and determine such contest.
Section 1, Article 1, Chapter 53, Code, 1931, is in these words: "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse *833 of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." An election contest in strictly limited cases is within the powers conferred upon county courts by Article VIII, Section 24, of the Constitution of this State. State ex rel. Daugherty v. County Court of Lincoln County, 127 W.Va. 35, 31 S.E.2d 321. Under the statute just quoted a county court, which by reason of the failure of the contestant to give notice to the contestee in an election contest within ten days after the result of an election is declared is without jurisdiction to hear and determine such contest, will be restrained from entertaining, hearing and determining such contest by writ of prohibition from this Court. See Duty v. Thompson, 79 W.Va. 415, 91 S.E. 11; McVey v. Butcher, 72 W.Va. 526, 78 S.E. 691; Brown v. Board of Election Canvassers of Randolph County, 45 W.Va. 826, 32 S.E. 168.
For the foregoing reasons the writ, prohibiting the defendants the County Court of Wayne County and its members from entertaining, hearing and determining the election contest between the defendant Clifford Hatten, as contestant, and the petitioner G. Walter Staley, and Taylor Frazier, as contestees, pending before that court, and from taking any further action or proceedings in such contest other than to dismiss it at the cost of the contestant Clifford Hatten, was properly awarded by the order entered by this Court on September 6, 1952.
Writ awarded.