382 S.E.2d 29

**Ruth PERRY**

v.

**Charles MILLER, Commissioner of West Virginia Department of Highways.**

No. 18664.

Supreme Court of Appeals of West Virginia.

April 13, 1989.

Rehearing Denied July 20, 1989.

Charles R. Garten, Charleston, Mike Kelly, Williamson, for appellant.

Frank S. Curia, Legal Div., DOH, Charleston, for appellee.

**PER CURIAM:**

This is an appeal by Ruth Perry from an order of the Circuit Court of Kanawha County entered on July 31, 1987. That order affirmed a decision of the Commissioner of the West Virginia Department of Highways terminating the appellant's employment with the Department for insubordination. On appeal the appellant, among other points, claims that the decision was clearly wrong in view of the reliable, probative, and substantial evidence in the record. This Court disagrees and affirms the decision of the Circuit Court of Kanawha County.

The appellant was employed as a Clerk II with the Department of Highways and in 1977 was working in the Mingo County Maintenance Division of the Second District of the Department. On October 28, 1977, she was discharged from her position for insubordination.

At the time of the discharge the appellant was an at-will employee and was not under civil service coverage. Also, at the time the Department of Highways had not promulgated rules or regulations relating to the discharge of employees, and the appellant had not been given any type of tenure right to employment with the Department. The Department, however, allowed her to prosecute a grievance under a State personnel grievance procedure adopted by the Department for certain of its employees. In accordance with the grievance procedure, a board of employees appointed by the district engineer for the Second District was set up, and a hearing was conducted.

The record before the Court as to what happened before the grievance board is very incomplete. However, it appears that in initiating the grievance the appellant claimed that she was the victim of political or sex discrimination.

On April 11, 1979, the board issued a decision holding that the appellant's termination was unwarranted because the evidence showed that she had previously been suspended for a period of two and one-half days for the same infraction and that no

further activity on her part warranted augmentation of the sanction.

After the board issued its decision, Charles Miller, Commissioner of the West Virginia Department of Highways, reviewed the board's findings and entered a decision reversing the board's conclusions. Mr. Miller essentially upheld the appellant's termination on the ground that the review board did not address the discrimination questions raised in the appellant's original grievance.

The appellant appealed the Commissioner's decision to the Circuit Court of Kanawha County. She alleged that Mr. Miller's reversal of the board's decision denied her due process of law in that it was made without a thorough review of the record and without prior notice and without opportunity for a response. She also claimed that Mr. Miller's action was clearly wrong in view of the reliable, probative, and substantial evidence in the case.

By order dated July 31, 1987, the circuit court affirmed the decision of the Commissioner of the West Virginia Department of Highways. The court stated that, based upon its review of the file, the petitioner was properly terminated for insubordination. It is from the circuit court's conclusion that the appellant now appeals.

In syllabus point 2 of *State ex rel. Staley v. Wayne County Court*, 137 W.Va. 431, 73 S.E.2d 827 (1953), this Court stated that:

> In the absence of evidence to the contrary public officers will be presumed to have properly performed their duties and not to have acted illegally, but regularly and in a lawful manner.

In the present case, it appears to the Court that the appellee, Charles Miller, Commissioner of the West Virginia Department of Highways, properly referred the appellant's grievance relating to her dismissal to a board of employees set up to conduct a hearing. That Board did conduct a hearing and concluded that the appellant's dismissal was unwarranted. Subsequently, appellee Miller refused to follow the board's findings and affirmed the dismissal. It appears that he did so because the board refused to address issues which he

considered relevant to the proceeding and which the briefs suggest were raised. The circuit court affirmed Commissioner Miller's decision.

As indicated in the *Staley* case, *supra*, public officers are presumed to have acted in a proper manner, and it is incumbent upon the party challenging their actions to show that the actions were improper. In the present case there is some indication that the appellant predicated her action on some sort of discrimination. Commissioner Miller concluded that she failed to present evidence supporting her claim.

Given the nature of the record, this Court cannot say that that conclusion was improper, and in view of the rule that an officer's acts will be presumed to have been properly performed, the Court cannot conclude that the circuit court erred in affirming Commissioner Miller's decision.

The judgment of the Circuit Court of Kanawha County is, therefore, affirmed.

Affirmed.

McHUGH, J., deeming himself disqualified, did not participate in the decision of this case.