489 S.E.2d 492

**In re The ELECTION CONTEST BE-TWEEN John C. MOORE AND Edward POWELL for the Office of Weirton City Council, Ward Three, of the Municipal Corporation of Weirton, West Virginia John C. Moore, Appellant.**

No. 23848.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1997.

Decided June 19, 1997.

Sean Wilson, Weirton, for Moore.

Vincent S. Gurrera, Zagula, Dittmar & Gurrera, Weirton, for Powell.

MAYNARD, Justice:

This appeal arises out of a municipal election contest in Weirton, West Virginia. After the city council held a trial and an appeal was taken to the Circuit Court of Hancock County, the appellant, John C. Moore, was declared the winner of the election. He took the oath of office and became a member of the city council. The circuit court subsequently held a reconsideration hearing, after which the court ordered that Moore be removed from office and that the appellee, Edward Powell, be declared the winner of the election. Moore requests that the order

of the circuit court be reversed and that he be reinstated as a member of the council. For reasons we will discuss below, the decision of the circuit court is reversed, because we believe Moore should not have been removed from office after he had taken the oath of office and was actively serving as a member of the city council.

A municipal election was held in Weirton, West Virginia, on June 6, 1995. Powell, the incumbent, was running against Moore for the Ward Three seat on the city council. On election night, Moore was determined to be the winner by five votes. At the canvass [1] of the election on June 12, 1996, six challenged votes were counted by the governing body of the municipality. Of the six challenged ballots, Powell received five votes, while one ballot contained only a vote for mayor and is referred to by Moore as a "non-vote." Once the challenged ballots were counted, the result of the election was a tie. In order to keep the challenged-voters' choice of candidates a secret, the canvassing board removed the challenged ballots from their envelopes and mixed the challenged and non-challenged ballots together. A recount of the election was then held on June 16, 1995. Powell picked up one vote and was officially declared the winner.

Moore then instituted an election contest before the governing body of the municipality, the city council, which under *Evans v. Charles,* 133 W.Va. 463, 56 S.E.2d 880 (1949), has original and exclusive jurisdiction to hear a municipal election contest.[2] The city council held a trial and upheld the municipality's prior decision to count the six challenged ballots, and Powell was officially declared the winner by one vote. The council did not date the final ruling, and there is no order book or filing ledger in which to formally "enter" election contest decisions. Neither are decisions such as these placed with city ordinances or with city minutes; instead, the elections' clerk placed this decision in a file located within the Weirton City Building. Both Moore and Powell received personal service of council's final decision on August 8, 1995.

Moore then filed an application for appeal, contesting the election results in circuit court, pursuant to W.Va.Code § 3–7–7 (1963).[3] One day after the thirty-day time limit [4] had run, Powell also filed an application for appeal. The circuit court held that

---

1. W.Va.Code § 8–5–17 (1969) states in pertinent part:

    All elections ordered and held by a municipality under the provisions of this chapter shall be canvassed by the governing body of such municipality.

2. Syllabus point 1 of *Evans v. Charles,* 133 W.Va. 463, 56 S.E.2d 880 (1949), states, "The jurisdiction of the common council of a municipality incorporated under Article 2, Chapter 8, Code, to hear and decide a contested election involving the selection of municipal officers is original and exclusive."

3. W.Va.Code § 3–7–7 (1963) states in pertinent part:

    The county court [county commission] shall hear and decide election contests initiated pursuant to the provisions of the preceding section [§ 3–7–6].... At the final trial of such contest the court [commission] shall declare the true result of such election, and cause the same to be entered on the records of the court.... Either the contestant or contestee shall have the right of appeal to the circuit court of the county from the final order or decision of the county court [county commission] in such proceeding, upon the filing of a bond with good personal security, by the party desiring the appeal, to be approved by the county court, in a sum deemed sufficient by such court, with condition to the effect that the person proposing to appeal will perform and satisfy any judgment which may be rendered against him by the circuit court on such appeal. But such appeal shall not be granted unless the party desiring the appeal shall make application for such appeal, and file such bond, within thirty days from the entering of the final order in such proceeding; and the circuit court may at any time require a new bond or increase the penalty thereof when the court deems it necessary. When such appeal is taken to the circuit court, as hereinbefore provided, it shall be heard and determined upon the original papers, evidence, depositions and records filed before and considered by the county court [county commission], and the circuit court shall decide the contest upon the merits. From the decision of the circuit court, an appeal shall lie to the supreme court of appeals, as in other cases, but such appeal shall be heard upon the original papers and copies of all orders made, without requiring the same to be printed.

    This Code section is made applicable to municipalities in W.Va.Code § 8–5–17 (1969).

4. The thirty-day time limit is provided in W.Va. Code § 3–7–7.

due to the lack of a formal order book, the entry of the order would be the date the parties received the municipality's final order. The court then concluded Powell's application was not filed timely and could not be granted. The court granted Moore's application. The court also determined that two of the challenged ballots were cast illegally, and therefore, could not count. The court finally decided that since the challenged ballots had been removed from their envelopes and were mixed together with the remainder of the ballots, the two illegal challenged votes could not be matched with their voters. As one of the six challenged votes was a "non-vote" in the council election and could be one of the two votes the circuit court would not count, the court subtracted only one vote from Powell. The result of the election was again a tie, which under W.Va. Code § 8–5–15 (1969)[5] must be decided by lot.

A lottery drawing was held to determine which candidate would win the election. The procedure used for the lottery was satisfactory to all at that time and was fair. Moore's name was drawn, and the circuit court declared that Moore was the winner. Approximately one week later, the oath of office was administered to Moore, who was then seated as a member of the city council and participated in local government decisions.

Powell then filed a motion for reconsideration in circuit court, requesting that the court reconsider the issues he lost, particularly whether his application for appeal was filed untimely. The court heard arguments one more time and entered an order on March 20, 1996. The court reversed itself, stating:

> The court erred when it did not count a valid vote for Mr. Powell because it ruled his appeal was filed late. Mr. Powell must be awarded one more vote and be declared the winner of the election.
>
> The Court had previously considered the statute [W.Va.Code § 3–7–7] for the purposes of whether it was to hear the case de novo, which means with new evidence, or

on the record without new evidence, but did not consider the question of which issues it could review under the statute. In the prior ruling, the Court focused on each individual vote challenged and did not decide the case on its merits.

> WHEREFORE, it is ORDERED, ADJUDGED and DECREED that Mr. Powell is declared the winner of the election for city councilman for Ward Three of the City of Weirton. It is further ORDERED that the Court's orders of February 14 and February 15, 1996 and as well February 22, 1996 are hereby set aside, and John Moore is ORDERED removed from the office of city councilman for Ward Three of the City of Weirton effective immediately, and Edward Powell is ORDERED to be sworn in as the councilman for Ward Three of the City of Weirton.

Moore sought post-judgment relief, requesting a hearing based on newly discovered evidence. Moore made an attempt to match the ballot which contained no preference for Moore or Powell with the voter's name and to, thereby, prove that both of the votes the court struck from the canister were votes for Powell, which should have been subtracted from Powell's vote total. Moore would then have won the election by one vote. The court denied post-judgment relief, stating that it was acting as a court of appeals, and, therefore, had no jurisdiction to hear new evidence. Being dissatisfied with the result reached by the circuit court, Moore now seeks review by this Court, requesting that the circuit court be reversed and that he be reinstated as a member of the city council.

On appeal, Moore contends the court below erred by counting a spoiled ballot; by allowing a vote which Powell requested be considered when his application was filed outside the thirty-day limit; and by not subtracting the potential "non-vote" from Powell's vote total. The issue, as we see it, is whether the circuit court erred in unseating Moore after he was sworn into office and while he was

---

5.  W.Va.Code § 8–5–15 (1969) states:
    Whenever two or more individuals shall receive an equal number of legal votes for the same office, if such number be the highest cast for

such office, the individuals under whose supervision the election is held shall decide by lot which of them shall be returned as elected, and shall make their return accordingly.

actively participating as a member of the city council. Accordingly, we do not think it is necessary to make a determination as to whether the circuit court properly or improperly counted or refused to count each of the challenged ballots. After thoroughly reviewing the record, we believe the evidence does not justify Moore's removal from office. Consequently, the decision of the circuit court is reversed.

This is a removal proceeding; however, the facts in this case are unusual in that no cause for removal has been alleged. Under normal circumstances, a municipal officer is removed from office for the causes listed in W.Va.Code § 6–6–7(a) (1985), which states in pertinent part: "Any person holding any ... municipal office ... may be removed from such office in the manner provided in this section for official misconduct, malfeasance in office, incompetence, neglect of duty or gross immorality or for any of the causes or on any of the grounds provided by any other statute." In syllabus point 1 of *Kemp v. Boyd*, 166 W.Va. 471, 275 S.E.2d 297 (1981), this Court held that county officers could be removed from office for these enumerated statutory causes, and stated further that "[r]emoval of such officers is a drastic remedy, however, and statutory provisions prescribing the grounds for removal are strictly construed." The same is true for municipal officers. By its own terms, W.Va.Code § 6–6–7(a) applies to county and municipal officeholders, as well as to any person holding office in a magisterial district or an independent school district.

Moore was not removed from office for cause; in fact, not one of the statutory causes for removal has been alleged in this case. Rather, Powell argues the circuit court made it clear that the decision by lot was not conclusive, in that the decision would be subject to the reconsideration hearing. The court's February 22, 1996 order actually states:

WHEREAS, the attorney for Mr. Powell has filed a motion for rehearing which is scheduled for March 18, 1886 [sic]. The attorney for Mr. Moore has filed a petition for this Court to set forth the manner in which a coin toss should be conducted and

has also filed a motion to dispose of Mr. Powell's motion for reconsideration in a summary manner, and neither of these two matters is set for hearing on the Court's docket. The filing of these motions in no way should prevent the parties from following this Court's Order based on the hearing held on the 18th day of January, 1996 and to follow the tenor of both Orders entered in this case directing that the parties settle this matter based on this Court's prior findings.

▬ It appears the judge may have intended this order to be conditional upon the result of the reconsideration hearing. In fact, the court's March 20, 1996 order states:

[T]he Court filed an Order based on the ruling made on January 18, 1996, and ordered the parties to appear on February 29, 1996 at 10:00 a.m. for the purpose of following the Court's order that the tie be broken by drawing lots. Mr. Moore's name was drawn, and the Court declared him the winner of the election and ordered him sworn in at the next meeting of the city council, all of which was subject to the Court's ruling on the parties' motions for rehearing scheduled for March 18, 1996.

However, one cannot conditionally win nor can one conditionally be sworn into public office. There is no such thing as a conditional election. Once the judge declared the election a tie and ordered that the tie be broken by lot, the election was then finally decided just as if it had been decided by the voters. Thus, we hold that in a municipal election, when two candidates tie for a seat on city council, and a circuit court orders that the tie be broken by lot, pursuant to W.Va. Code § 8–5–15 (1969), that decision cannot be a conditional decision which depends upon subsequent orders of the court. The decision by lot is final, just as if the election had been decided by the voters. Once a municipal officer has taken the oath of office and is lawfully seated as a council member, that person can only be removed by following the provisions in W.Va.Code § 6–6–7. Public officers of a municipality may be removed from office for official misconduct, malfeasance in office, incompetence, neglect of duty, or gross immorality. Removal of such officers,

however, is a drastic remedy and statutory provisions prescribing the ground for removal are strictly construed.

We have already said there can be no conditional resolution of an election contest. Therefore, we find the order of the circuit court that reversed itself, removed Moore from office, and declared Powell the winner is clearly wrong. This Court previously said in syllabus point 4 of *Smith v. Godby*, 154 W.Va. 190, 174 S.E.2d 165 (1970), "When the finding of a trial court in a case tried by it in lieu of a jury is ... plainly wrong, such finding will be reversed and set aside by this Court upon appellate review."

Accordingly, the final decision of the circuit court is hereby reversed and set aside. Moore is declared the winner of the contested Ward Three city council seat, and this case is remanded to the Circuit Court of Hancock County with directions that the court enter an order reinstating Moore as a member of the Weirton City Council.

*Reversed and remanded with directions.*

STARCHER, Justice, dissenting:

I respectfully suggest that the majority opinion elevates the random results of a ball dropping out of a squirrel cage above the well-reasoned opinion of the circuit judge. Accordingly, I dissent.