680 S.E.2d 21

**STATE of West Virginia ex rel. Scott EDWARDS, Petitioner Below, Appellee**

v.

**Linda L. GIBSON, Recorder for the City of Hurricane, Putnam County, West Virginia; Donald E. Chaney; William R. Billups; C. Brian Ellis, Patricia D. Hager; and Lana M. Call, Members of the City Council of the City of Hurricane, Putnam County, West Virginia, Defendants Below, Appellees**

**Sam E. Cole, Intervenor Below, Appellant.**

**No. 34159.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 4, 2009.

Decided Feb. 27, 2009.

8

David O. Moye, Lisa M. Moye, Hurricane, for Appellant.

Harvey D. Peyton, Peyton Law Firm, Nitro, for Appellee, Scott Edwards.

McHUGH, Senior Status Justice:[1]

Sam Cole appeals from the November 21, 2007, order entered by the Circuit Court of Putnam County through which a writ of prohibition was granted upon the petition of Appellee Scott Edwards to prevent the City Council of Hurricane ("City Council") from holding a hearing on an election contest petition filed by Mr. Cole. Appellant seeks a ruling from this Court that the circuit court's decision to issue the writ of prohibition was in error and an additional determination that the trial court's failure to consolidate the prohibition proceeding with the election contest action he filed was erroneous. Upon our review of all the arguments presented, we

1. Pursuant to administrative orders entered September 11, 2008, and January 1, 2009, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

conclude that the trial court committed no error and, accordingly, affirm the lower court's decision to issue a writ of prohibition.

## I. Factual and Procedural Background

In an election held on June 12, 2007, Mr. Cole and Mr. Edwards were opposing candidates in the City of Hurricane's mayoral race. On election day, Mr. Cole purportedly discovered that the City of Hurricane was not using secrecy envelopes to hold and seal the ballots of the early voters. Mr. Cole challenged this practice, but the City of Hurricane chose to include the non-secreted early votes as part of the official election results.[2]

After all the votes were counted, Mr. Edwards was declared to be the successful mayoral candidate. Mr. Cole contends that if the early ballots were omitted from the vote tabulation, he would have been declared the successful candidate.[3] The City of Hurricane conducted an election canvass on June 18, 2007, which confirmed the results announced on election day. Following a request made by Mr. Cole, there was a recount of the votes on June 26, 2007. The results obtained were the same as on election day with Mr. Edwards again being declared the successful mayoral candidate. The election results were officially certified on June 26, 2007.

Ten days after the results were certified, Mr. Cole transmitted a letter through his counsel dated July 6, 2007, to the City of Hurricane and the Putnam County Commission indicating that he was giving them notice of his intention "to contest the legality of the City of Hurricane election held on June 12, 2007." On this same date, Mr. Cole filed a civil action with the circuit court through which he sought to have the early ballots omitted from consideration in the June 12, 2007, election. The only defendants named in this action were the City of Hurricane and the Putnam County Commission.[4]

The City of Hurricane filed a motion to dismiss the civil action[5] filed by Mr. Cole based on lack of subject matter jurisdiction, which was heard by Judge Spaulding on September 13, 2007. During the course of the hearing, the trial court discovered that a hearing had not been held before City Council to address Mr. Cole's contest of the election results. After much discussion regarding this procedural irregularity, the parties agreed that the matter should be "remanded" to the City Council for the requisite factual hearing. Although Mr. Edwards was in attendance at the hearing before Judge Spaulding, he did not make a formal appearance for purposes of the civil action.

Between the time when the hearing was held before Judge Spaulding and the issuance of the trial court's ruling on the motion to dismiss, Mr. Cole filed a document with the City of Hurricane entitled "Petition to Contest Election."[6] As with all the pleadings lodged by Mr. Cole in this matter, this document was not served on Mr. Edwards.

By order entered on September 24, 2007, Judge Spaulding "remanded" the election contest matter to the City Council to permit a hearing on the issues raised by Mr. Cole in his complaint pursuant to the provisions of the statute that governs election contests. *See* W. Va.Code § 3-7-6 (2002) (Repl.Vol. 2008). While the trial court employed the term "remanded" in its order, the court further ruled that "this matter is dismissed and stricken from the court's docket."

On September 26, 2007, Mr. Edwards filed a petition with the circuit court seeking a writ of prohibition to prevent the City Council from holding the hearing that Judge Spaulding had ordered. As grounds for the relief he was requesting, Mr. Edwards asserted the failure of Mr. Cole to serve him with notice of the election contest as required by West Virginia Code § 3-7-6 within ten days of the certification of the election re-

---

**2.** According to Mr. Cole, the City of Hurricane's decision was made after checking with the Putnam County Clerk on this issue.

**3.** Mr. Cole contends that he had won the election prior to counting the votes that were cast before election day.

**4.** The Putnam County Commission was later dismissed from the civil action.

**5.** This motion was filed on July 25, 2007.

**6.** This was filed on September 19, 2007.

sults. This matter was randomly assigned to Judge Eagloski and a hearing was set for October 26, 2007, to show cause as to why a writ of prohibition should not issue.

At the hearing before Judge Eagloski on the rule to show cause, Mr. Cole was permitted to intervene as a party.[7] Judge Eagloski concluded that Mr. Cole's failure to comply with the mandatory notice requirement of West Virginia Code § 3–7–6 deprived the City Council of jurisdiction to hear the election contest. By order dated November 21, 2007, Judge Eagloski issued a writ of prohibition through which he ruled that the City Council was without jurisdiction to address issues raised by Mr. Cole with regard to the June 12, 2007, mayoral election based on Mr. Cole's failure to give written notice to Mr. Edwards of his intent to contest the election pursuant to the requirements of West Virginia Code § 3–7–6. Through this appeal, Mr. Cole seeks a reversal and vacation of the order entered by Judge Eagloski, as well as a ruling that the prohibition proceeding Mr. Edwards filed should have been consolidated with the election contest action he initiated.

## II. Standard of Review

■ A writ of "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." Syl. Pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). We proceed to determine whether Judge Eagloski correctly determined that the governing body of Hurricane, the City Council, was without jurisdiction to entertain an election contest hearing under the facts of this case.

## III. Discussion

■ At the center of this case are the statutory requirements imposed by West Virginia Code § 3–7–6 for contesting the results of an election. Under the statute, the following action is required for challenging the

results of county, district, and municipal elections:

> A person intending to contest the election of another to any county or district office, . . . shall, within ten days after the result of the election is certified, give the contestee notice in writing of such intention and a list of the votes he will dispute, with the objections to each, and of the votes rejected for which he will contend. If the contestant objects to the legality of the election or the qualification of the person returned as elected, the notice shall set forth the facts on which such objection is founded. . . .

W.Va.Code § 3–7–6. These requirements are expressly made applicable to municipal elections: "The provisions of this section apply to all elections, including municipal elections, except that the governing body of the municipality is the judge of any contest of a municipal election." *Id.*

Mr. Edwards predicated his entitlement to a writ of prohibition on Mr. Cole's failure to comply with the notice requirements set forth in West Virginia Code § 3–7–6. In his verified petition, Mr. Edwards recounts the chronology of events that transpired after the Hurricane municipal election on June 12, 2007. He avers that the first attempt by Mr. Cole to comply with the notice requirements of the election contest statute occurred "eighty-five days after the petitioner [Mr. Edwards] was certified by the governing body of the City of Hurricane as the winner of the June 12, 2007, municipal election for the office of mayor." At that time, Mr. Cole "mailed to the defendant, Linda Gibson [Recorder for City of Hurricane] a document captioned 'Petition to Contest Election.' "

As Mr. Edwards made clear both in his verified petition and in arguments before Judge Eagloski, not only did Mr. Cole fail to comply with the ten-day notice provision mandated under West Virginia Code § 3–7–6, but he never at any time gave Mr. Edwards written notice as required by statute.[8]

---

7. At the same time Mr. Cole filed a motion to intervene in the proceeding initiated by Mr. Edwards, he also filed a motion to consolidate the prohibition proceeding with the election contest action he had filed in circuit court.

8. The trial court ruled "that the letter mailed by Mr. Cole's attorneys to the City of Hurricane and the lawsuit filed by Mr. Cole against the City of Hurricane were not adequate in substance to

Mr. Cole's only attempt to comply with the statutory notice requirement occurred when he sent notice to the Hurricane City Recorder of his intent to contest the election on September 19, 2007. Under the provisions of the election contest statute, that "notice" was more than seventy-five days overdue. Consequently, Mr. Edwards argued before Judge Eagloski that the City of Hurricane lacked jurisdiction to hear or determine the "Petition to Contest Election" that Mr. Cole transmitted to Ms. Gibson in September 2007.

The issue of jurisdiction with regard to contests of municipal elections is well-settled. In syllabus point one of *Evans v. Charles*, 133 W.Va. 463, 56 S.E.2d 880 (1949), we held that "[t]he jurisdiction of the common council of a municipality incorporated under Article 2, Chapter 8, Code, to hear and decide a contested election involving the selection of municipal officers is original and exclusive." *Accord In Re Election Contest Between Moore and Powell*, 200 W.Va. 335, 336, 489 S.E.2d 492, 493 (1997).

In *State ex rel. Staley v. Wayne County Court*, 137 W.Va. 431, 73 S.E.2d 827 (1952), we addressed the failure to comply with the notice requirements of the election contest statute.[9] Because an election contest is purely a statutory proceeding, failure to comply with the mandated notice period operates as a bar to the subject matter jurisdiction necessary to hear such contest. *Id.* at 438, 73 S.E.2d at 831–32. Consequently, even an arguably *de minimus* two-day delay in serving the prescribed notice robbed the county court of jurisdiction to consider an election contest, as we held in syllabus point four of *Staley*:

The provision of Section 2, Article 9, Chapter 3, Code, 1931, that the contestant in an election contest involving a county or district office shall give notice to the contestee within ten days after the result of the election is declared, is mandatory and

must be strictly complied with; and unless such notice is given within that time a county court is without jurisdiction to entertain, hear and determine such contest. 137 W.Va. at 432, 73 S.E.2d at 828, syl. pt. 4. We further ruled that

[a] county court, which by reason of the failure of the contestant to give notice to the contestee in an election contest within ten days after the result of the election is declared is without jurisdiction to hear and determine such contest, will be restrained from entertaining, hearing and determining such contest by writ of prohibition from this Court.

137 W.Va. at 432, 73 S.E.2d at 828, syl. pt. 5.

In his attempt to skirt the mandatory notice requirements, Mr. Cole argues that Mr. Edwards had constructive notice of the election contest based upon his attendance at the September 13, 2007, hearing before Judge Spaulding. Given our longstanding recognition that the ten-day notice period provided in the election contest statute is jurisdictional in nature, combined with the absence of any case law suggesting that constructive notice is sufficient to meet those jurisdictional requirements, we find no merit to this argument.[10] *See* W.Va.Code § 3–7–6; *Staley*, 137 W.Va. at 438, 73 S.E.2d at 831–32.

Seeking to circumscribe the notice requirements of West Virginia Code § 3–7–6, Mr. Cole argues that "[s]tatutes providing for election contests should be liberally construed, in order that the will of the people in the matter of choosing their public officers may not be defeated by merely technical objections." *Mullens v. Dunman*, 80 W.Va. 586, 592–93, 92 S.E. 797, 800 (1917). This argument is of no avail to Mr. Cole because, unlike the situation in *Mullens* and the only other case he cites for this proposition, *Palumbo v. The County Court of Kanawha County*, 151 W.Va. 61, 150 S.E.2d 887 (1966), *overruled in part on other grounds, Qualls v.*

---

comply with the notice provisions of *W. Va.Code* § 3–7–6."

**9.** While this case was decided under the predecessor statute, West Virginia Code § 3–9–2, the operative language with regard to the notice provisions remains the same.

**10.** We further observe that attendance at a hearing several months after the election fails to demonstrate that Mr. Edwards had notice, constructive or otherwise, within the statutorily-mandated ten-day period following certification of the election results. *See* W.Va.Code § 3–7–6.

**12**

*Bailey,* 152 W.Va. 385, 164 S.E.2d 421 (1968), the defects in his case are jurisdictional in nature and not simply a matter of "technical objection." *Mullens,* 80 W.Va. at 593, 92 S.E. at 800. At issue in *Mullens* was the contestant's omission from the notice of the number of votes cast for each of the respective candidates. The contestees argued that without these numbers there was no indication that the election results would have been altered if the challenged votes were thrown out. 80 W.Va. at 591–92, 92 S.E. at 799. Upon examination, this Court determined that while it might have been preferable to have the number of votes that each contestant and contestee received specified within the notice, that information "was not indispensable." 80 W.Va. at 592, 92 S.E. at 799. Based on the inclusion of the specific eleven votes that were being challenged and particularized grounds as to the basis for challenging each vote, the notice was determined to be sufficient. The Court reasoned that the information provided in the notice, if proved true at the election contest proceedings, "certainly ought to have" produced different results regarding the outcome of the election. 80 W.Va. at 592, 92 S.E. at 800.

In *Palumbo,* the county court had refused to set the election contest matter for hearing in the July term of court which was in progress at the time the notice of contest was timely filed. Under its interpretation of West Virginia Code § 3–7–7 (1963) (Repl.Vol. 2006),[11] the county court maintained that the contest could not be heard until the term that started after the notice of contest was presented to the court. Determining that all of the cases decided by this Court "are uniform in holding that the hearing or trial in an election contest should be held at the earliest possible time," we interpreted the applicable statutory language[12] to require that the election contest proceeding be held during the term in which the cause was filed rather than in the succeeding term of court. 151 W.Va. at 70–73, 150 S.E.2d at 892–94.

■ What separates Mr. Cole from the candidates in those few cases in which we have construed the election contest statutes in a liberal manner is his failure to comply with the most fundamental requirement: service of the notice of contest on Mr. Edwards within the ten-day period prescribed by statute. *See* W.Va.Code § 3–7–6. As we made clear in *Staley,* the consequence of this procedural defect is the abrogation of jurisdiction to address an election contest. *See* 137 W.Va. at 438, 73 S.E.2d at 831–32. Moreover, by suggesting that we ignore his failure to timely serve Mr. Edwards with the requisite notice, Mr. Cole completely overlooks the public policy that underlies election contest statutes. As we recognized in *Staley,* the Legislature has made it clear "that an election result should be determined and declared with dispatch." *Staley,* 137 W.Va. at 439, 73 S.E.2d at 832.

■ Extending the reasoning we previously employed in *Staley* with regard to election contests involving county and district wide elections, we hold that the provision of West Virginia Code § 3–7–6 that requires a contestant of a municipal election to give notice to the contestee within ten days after the results of the election have been certified is mandatory and absent strict compliance with those notice provisions, a governing municipal body lacks the necessary jurisdiction to hear and determine an election contest. *See* Syl. Pt. 4, *Staley,* 137 W.Va. at 432, 73 S.E.2d at 828. Consequently, we conclude that Mr. Cole's failure to comply with the notice requirements of West Virginia Code § 3–7–6 was fatal to his attempt to challenge the results from the June 12, 2007, City of Hurricane mayoral election.[13]

11. The language that the county court looked to as support for its position states as follows: "The notice of contest shall be presented to the county court [county commission] at its first term after the same is delivered to the person whose election is contested, and the same shall be docketed for trial in such court." W.Va.Code § 3–7–7.

12. *See supra* n. 11

13. We reject without discussion Mr. Cole's argument that Judge Eagloski erred by not consolidating the writ of prohibition proceeding with the election contest matter he filed. Because there was no final proceeding on the merits of the action assigned to Judge Spaulding, the *res judicata* arguments that Mr. Cole relied upon to support his motion for consolidation were inapplicable. *See* Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W.Va. 469, 498 S.E.2d 41

■ Consistent with our ruling in *Staley*, we hold that a governing municipal body that lacks jurisdiction to hear an election contest based on the failure of the contestant to comply with the notice provision of West Virginia Code § 3–7–6 will be prevented from hearing and determining an election contest by writ of prohibition. *See* Syl. Pt. 5, *Staley*, 137 W.Va. at 432, 73 S.E.2d at 828. Given the City Council's lack of jurisdiction to entertain Mr. Cole's election contest due to his failure to comply with the statutorily-required notice provisions, the trial court's decision to issue a writ of prohibition to prevent the City Council from holding a hearing on the election contest was not in error. *See* W.Va.Code § 3–7–6.

Based on the foregoing, the decision of the Circuit Court of Putnam County to issue a writ of prohibition is affirmed.

Affirmed.

Justice ALBRIGHT not participating.

Senior Status Justice McHUGH sitting by temporary assignment.

(1997) (identifying elements necessary to bar further prosecution under principles of *res judicata* ).