# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donald L. Stamm,**
**Petitioner Below, Petitioner**

**FILED**

December 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1390** (Harrison County 12-C-413)

**City of Salem,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald L. Stamm, by counsel Gregory Schillace, appeals the Circuit Court of Harrison County's final order denying a petition for writ of prohibition, entered October 17, 2012. The respondent, City of Salem, by counsel Lisa Furbee Ford, has filed a response to the present appeal.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Donald Stamm was elected to serve on the Salem City Council on June 7, 2011, and took office on July 1, 2011. After taking office as a city council member, petitioner was elected Mayor of the City of Salem. The Salem City Charter requires that all elected city officers be residents of the city with an address inside the city limits. On August 20, 2012, the City of Salem, through a majority of its council members, served petitioner a notice of forfeiture of office on the basis that he was no longer a resident of the city. On September 19, 2012, petitioner filed a petition for a writ of prohibition to prohibit the city council from instituting action which could lead to his forfeiture of office. A hearing with respect to the petition was held on October 2, 2012, and the court entered a final order denying the petition on October 17, 2012. The court had ordered a public hearing to take place as scheduled on October 4, 2012, pursuant to Salem City Charter §2.07 in order to determine petitioner's residency status. At the hearing, testimony was taken and evidence was presented regarding petitioner's residence. The Salem City Council formally determined petitioner did not live within the city limits, and, therefore, forfeited his office.

Petitioner's sole argument is that West Virginia Code § 6-6-7 is the exclusive remedy to remove someone from municipal office, and the circuit court erred in finding otherwise, where petitioner was removed from office pursuant to the forfeiture provisions in the city charter. West Virginia Code § 6-6-7(a) states,

> Any person holding any . . . municipal office . . . may be removed from such
> office in the manner provided in this section for official misconduct, malfeasance

1

in office, incompetence, neglect of duty or gross immorality or for any of the causes or on any of the grounds provided by any other statute.

Petitioner asserts that *In re The Election Contest Between Moore and Powell,* 200 W.Va. 335, 489 S.E.2d 492 (1997), established that West Virginia Code § 6-6-7 is the sole remedy for removing an official from office. Petitioner's reliance on this case is misplaced. *Moore and Powell* holds that officials "may" be removed pursuant to West Virginia Code § 6-6-7, but does not stand for the proposition that this is the only mechanism for removing a public officer from office.

Unlike in *Moore & Powell,* an anomaly in which no cause for removal was alleged, petitioner was deemed ineligible to hold office based on the disqualifying condition that he was no longer a resident of Salem. This case arises out of petitioner's ineligibility and has nothing to do with "misconduct, malfeasance, incompetence, neglect of duty or gross immorality." The current case deals with forfeiture of office due to ineligibility and not removal. Therefore, West Virginia Code § 6-6-7 should not govern this case. Rather, the City Charter of Salem, which provides a mechanism for forfeiture of office, should be the controlling authority. Inasmuch as residency requirements constitutional, the residency requirements in the city charter are valid grounds for petitioner's forfeiture. The City of Salem did not exceed its jurisdiction by initiating the forfeiture proceedings.

Furthermore, petitioner still has other opportunities to seek judicial review. The city's charter allows for petitioner to first make his case within the community to prove whether he is a resident. After that, he can then file a Request for Declaratory Judgment with the Harrison County Circuit Court, as provided by the city charter. Petitioner will not be damaged or prejudiced in a way that is not correctable on appeal because he still has the opportunity to seek judicial review.[1]

Having established that West Virginia Code § 6-6-7(a) is not the exclusive remedy for removing a municipal office holder, and that the West Virginia Constitution allows the City of Salem to implement its forfeiture provision, we find that the circuit court was correct in denying the writ. The City of Salem did not exceed its jurisdiction, and there are no substantial clear cut legal errors.

For the foregoing reasons we affirm the Circuit Court of Harrison County's October 17, 2012 final order denying the writ.

Affirmed.

---

[1]Petitioner's testimony has neither given nor produced evidence in order to attempt to disprove the allegations that he was not a resident of the city.

**ISSUED:**  December 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II